Mr. Justice Clayton
delivered the opinion of the court.
James Brown, the defendant, ha,d sold to M. Bradford a tract of land, for which he was to be paid two hundred and fifty *606 bales of cotton, weighing four hundred pounds each ; one half to be delivered 25th December, 1840, and the other twelve months thereafter. When the first payment became due, Bradford delivered only fifty-four bales of cotton, leaving seventy-one unpaid. Coppage had purchased land of Bradford, also to be paid for in cotton, and forty bales were due. In June, 1841, Bradford gave Brown a letter to Coppage, requesting him to draw a bill of exchange on his commission merchant in New Orleans, for the amount of the forty bales which he owed him, and requesting him also to make the bill for an amount sufficient to cover thirty-one bales more, the amount of his indebtedness to Brown.
Coppage, in accordance with this request, drew a blank bill and wrote to Bradford, giving him authority to fill it up with the value of the seventy-one bales. Brown carried the bill and the letter to Bradford; they calculated the value of the cotton at ten cents per pound, and filled up the bill with the amount thus ascertained, with interest from the time when the cotton was to have been delivered. In December, 1840, cotton, according to the proof was worth only seven cents per pound, but had been sold at ten cents in the spring of 1841.
This suit was brought by Coppage against Brown, to recover the difference in value between the cotton at seven cents and at ten cents per pound, alleging that Brown was only entitled to the value of the cotton at the time when the note fell due, 25th December, 1840. The jury found a verdict for the defendant.
If Coppage have a cause of action against any one, a point which we need not decide, it is against Bradford rather than Brown. He gave Bradford authority to fill up the bill of exchange, without limit as to the price of the cotton — that matter was arranged between Brown and Bradford — there was no excess of the authority, and Brown is in no manner liable to Coppage.
Had Brown been compelled to sue Bradford for the value of the cotton, its value at the time it was to have been paid, would have formed the measure of damages. Yet as the contract had not been complied with, it was surely competent to Bradford to *607 agree to allow Brown what cotton was worth at the time of the settlement. It was in proof that Brown sold his own crop in the spring of 1841 for ten cents. The agreement between them as to the price, was not one which a court could set aside, unless on the ground of fraud, of which there is no proof. Parties who are competent, may make their own contracts, unless they are contrary to law, or rendered void by fraud.
No error is perceived in the judgment, and it is therefore affirmed.